# CIRCUIT COURT OF AMHERST COUNTY

Quality Foods
Co-operative, Inc.

v.

New River Oils, L.L.C., et al.

February 14, 2001

Case No. CL 5507

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion to dismiss filed by the defendant, New River Oils, L.L.C.("New River") and on the motion to strike affirmative defenses filed by the plaintiff ("Quality Foods"). I overrule the motion to dismiss of New River. I sustain Quality Foods' motion to strike the affirmative defense of the statute of frauds filed by New River. I overrule the motion to strike all remaining affirmative defenses.

In its motion to dismiss, New River asserts that the motion for judgment does not allege "some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. . . ." New River asserts that this violates the commercial code statute of frauds, § 8.2-201(1) of the Code of Virginia. Section 8.2-201(3)(c) further provides, however, that a contract is valid and enforceable "with respect to goods for which payment has been made and accepted or which have been received and accepted." In the instant case, the allegations in the motion for judgment allege that New River purchased goods and merchandise on an open account from Quality Foods. Further, the agreement of December 3, 1997, between Quality Foods and New River specifically states under paragraph A that New River "desires to continue an open account with Quality Foods." Section 8.2-201(3)(c) makes an open account an exception to the writing requirement of the U.C.C. Statute of Frauds.

In paragraph 11 of the respective grounds of defense of Robert A. Sypniewski and Cheryl A. Sypniewski, the same U.C.C. statute of frauds defense is raised as an affirmative defense. Section 8.2-201(1). This affirmative defense must be overruled pursuant to § 8.2-201(3)(c) because the motion for judgment alleges that goods and merchandise were purchased by New River from Quality Foods on an open account. Thus, there is an exception to the U.C.C. Statute of Frauds writing requirement under § 8.2-201(3)(c).

The remaining affirmative defenses, specifically being lack of consideration, Equal Credit Opportunity Act violations, failure to preserve security interests, and invalidity of agreement, are factual questions which must be resolved at trial. Accordingly, the motion to strike these affirmative defenses is overruled.

I direct that Mr. Perry prepare the order which implements the rulings set forth in this letter. The order should specifically direct that New River file its grounds of defense by March 12, 2001.